# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

SAMUEL DANCY, JR.,

                Plaintiff,

   v.

A. K. SCRIBNER, et al.,

                Defendants.

_____/

CASE NO. 1:07-cv-00716-OWW-SMS PC

ORDER DISMISSING COMPLAINT FOR
FAILURE TO STATE A CLAIM, WITH
LEAVE TO AMEND WITHIN THIRTY DAYS

(Doc. 1)

I.     <u>Screening Order</u>

     A.     <u>Screening Standard</u>

     Plaintiff Samuel Dancy, Jr. ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and California tort law.  Plaintiff filed this action on May 15, 2007.

     The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. <u>Id</u>. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" <u>Jackson v. Carey</u>, 353 F.3d 750, 755 (9th Cir. 2003) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)); <u>see also</u> <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting <u>Fontana v. Haskin</u>, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

B.     <u>Plaintiff's Claims</u>

Plaintiff is currently housed at California State Prison-Corcoran, where the events at issue in this action allegedly occurred. Plaintiff names Warden Scribner, Dr. Posner, Dr. Sanchez, Dr. Smith, Dr. Thompson, T. Jones, and A. Harliem-Ruiz as defendants. Plaintiff is seeking money damages and equitable relief. The claims in this action arises from the failure to provide medical treatment for plaintiff's fractured finger. Plaintiff alleges claims for relief for violation of the First and Eighth Amendments, and for violation of California Tort law.

1.     <u>Medical Care</u>

Plaintiff alleges that he fractured his finger on February 24, 2005, while working at Prison Industries Authorities. Plaintiff was admitted to the Acute Care Hospital and a temporary splint was

placed on his finger by defendant Thompson after x-rays revealed a fracture.  Plaintiff was provided with pain medication and discharged with a doctor's order for re-evaluation within four weeks.

Plaintiff alleges that he was not seen within four weeks and filed an inmate appeal on March 24, 2005.  The appeal was granted by a nurse on May 10, 2005, and plaintiff was seen at the Acute Care Hospital by defendant Thompson on May 17, 2005.  Plaintiff alleges that his pain medication was continued and he received only an x-ray.  Plaintiff alleges he was sent back to the Acute Care Hospital on July 20, 2005, and again received only an x-ray in terms of treatment.

On August 31, 2005, plaintiff was seen by defendant Smith, who determined that surgery was the best course of action to repair the damage and relieve plaintiff's pain.  On November 27, 2005, plaintiff was seen by Dr. Reynolds, who noted that plaintiff's condition had worsened to include arthritic inflammation.  Plaintiff was prescribed pain medication and an order for surgery was issued. Plaintiff was seen on December 8, 2005, by Dr. Gage, who prescribed pain medication and again issued an order for surgery.

Plaintiff alleges that on January 13, 2006, and February 9, 2006, plaintiff's surgery was scheduled for March 8, 2006, but ended up being postponed.  Plaintiff alleges that on March 10, 2006, Dr. Masadsri partially granted his inmate appeal but discontinued his pain medication, which was helping plaintiff with the chronic pain.  Plaintiff alleges that he went without appropriate pain medication until his next doctor visit.  On April 14, 2006, plaintiff received surgery during which two pins were inserted in his finger.

Plaintiff was seen by defendant Smith on May 10, 2006, for a post-op visit and his cast was removed.  Plaintiff's stitches, which should have been removed previously, were removed, an x-ray was taken, and another cast was fitted.

On June 1, 2006, plaintiff was moved out of the Administrative Segregation Unit in response to an inmate appeal he filed on December 13, 2005, due to his medical concerns and needs.  On June 28, 2006, plaintiff was seen by defendant Smith, who removed the cast and pins.  Plaintiff alleges that his injured finger was declared useless.

///

///

3

1   Plaintiff alleges that he was denied proper medical care for his injury and suffered loss of

2   mobility, chronic pain, anxiety, and sleeplessness as a result.  Plaintiff also alleges that he was denied

3   medical care entirely from September 16, 2005, to November 17, 2005.

4   The Civil Rights Act under which this action was filed provides:

5       Every person who, under color of [state law] . . . subjects, or causes
        to be subjected, any citizen of the United States . . . to the deprivation
6       of any rights, privileges, or immunities secured by the Constitution .
        . . shall be liable to the party injured in an action at law, suit in equity,
7       or other proper proceeding for redress.

8   42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal

9   Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)

10  (internal quotations omitted).  "To the extent that the violation of a state law amounts to the

11  deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution,

12  Section 1983 offers no redress."  Id.

13  Section 1983 plainly requires that there be an actual connection or link between the actions

14  of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

15  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

16  person deprives another of a constitutional right, where that person 'does an affirmative act,

17  participates in another's affirmative acts, or omits to perform an act which [that person] is legally

18  required to do that causes the deprivation of which complaint is made.'"  Hydrick v. Hunter, No. 03-

19  56712, 2007 WL 2445998, *5 (9th Cir. Aug. 30, 2007) (quoting Johnson v. Duffy, 588 F.2d 740,

20  743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind

21  of direct, personal participation in the deprivation, but also be setting in motion a series of acts by

22  others which the actor knows or reasonably should know would cause others to inflict the

23  constitutional injury.'"  Id. (quoting Johnson at 743-44).

24  With respect to medical care, negligence is insufficient to support a claim for violation of the

25  Constitution.  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Rather, to constitute cruel and unusual

26  punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and

27  unnecessary infliction of pain."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  A prisoner's claim

28  of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1)

4

"the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's allegation that he fractured his finger, and suffered permanent damage and chronic pain due to the failure of prison officials to provide adequate, timely medical care is sufficient to support a claim for violation of the Eighth Amendment under section 1983. However, in order to state a claim under section 1983 against the defendants named in the complaint, plaintiff must allege sufficient facts to support a claim *each* of the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer, 511 U.S. at 837. Section 1983 requires that a sufficient causal linkage between each defendant and the constitutional violation alleged. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Defendant Jones informed plaintiff via memorandum that plaintiff's appeal had been lost and he should resubmit it. This action provides no basis upon which to impose liability on defendant Jones under section 1983 because no violation of a constitutional right occurred. Defendant Harliem-Ruiz was also involved in the inmate appeals process in some capacity, although the complaint does not specify how, and defendants Posner and Sanchez responded to plaintiff's inmate

appeals concerning his medical complaints.  A defendant's involvement in responding to an inmate appeal, without more, does not support a claim under section 1983.  "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).  In order to state a claim, plaintiff must set forth some facts that would support a claim that the defendant knowingly disregarded an excessive risk to plaintiff's health. Something more than the allegation that a particular defendant responded to an inmate appeal is needed to meet this standard.

Defendant Scribner is the warden.  Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  There are no facts alleged which give rise to a claim for relief under section 1983 against defendant Scribner for violation of plaintiff's rights under the Eighth Amendment.

Finally, defendants Smith and Thompson, both physicians, saw plaintiff periodically during the events at issue in this action.  However, plaintiff has not alleged any facts supporting a claim that either defendant knowingly disregarded an excessive risk to his health.  The allegation that defendant Thompson "only" provided him with pain medication and x-rays does not support a claim that

6

1  defendant acted with deliberate indifference, and there are no allegations relating to defendant Smith

2  which support a claim of deliberate indifference.

3         2.   <u>Retaliation</u>

4      Plaintiff alleges that defendants willfully obstructed the inmate appeals process and retaliated

5  against him for using the appeals process.

6      Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition

7  the government may support a section 1983 claim. <u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 (9th Cir.

8  1985); <u>see</u> <u>also</u> <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135 (9th Cir. 1989); <u>Pratt v. Rowland</u>, 65

9  F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment

10  retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action

11  against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

12  the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance

13  a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005).

14      Plaintiff's complaint is devoid of any facts supporting a claim that adverse action was taken

15  against him by any defendant because of his use of the inmate appeals process.  Further, the mere

16  allegation of obstruction of the appeals process does not rise to the level of a constitutional violation.

17  <u>See</u> <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th

18  Cir. 1988); <u>Massey v. Helman</u>, 259 F.2d 641, 647 (7th Cir. 2001).

19         3.   <u>Negligence</u>

20      Plaintiff alleges a claim for negligence.  Interspersed in this section of the complaint are

21  references to constitutional violations.  Plaintiff's inclusion of such references is inappropriate.  If

22  plaintiff is pursuing a negligence claim, it is a claim for negligence under California law, not a

23  constitutional claim.

24      First, California's Tort Claims Act requires that a tort claim against a public entity or its

25  employees be presented to the California Victim Compensation and Government Claims Board,

26  formerly known as the State Board of Control, no more than six months after the cause of action

27  accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2007).  Presentation of a

28  written claim, and action on or rejection of the claim are conditions precedent to suit.  <u>State v.</u>

1  Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d

2  534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).

3  To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort

4  Claims Act.  State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543;

5  Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir.

6  1988).  Plaintiff has not alleged compliance with the Tort Claims Acts and may not pursue any tort

7  claims under California law unless he has exhausted with the Board and has alleged such exhaustion.

8  Exhaustion of the prison's inmate appeals process does not satisfy the California Tort Claims Act.

9      Further, plaintiff asserts that defendants violated California Penal Code section 147, which

10  provides for punishment of a fine and removal from office for officers who inhumanely or

11  oppressively treatment of prisoners.  Plaintiff not pursue a claim for relief in this civil action for

12  violation of a penal code section.  See Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979).  There

13  is no basis upon which to support a finding that plaintiff has a private right of action for violation

14  of this criminal code section.  Id.

15      Finally, plaintiff asserts that defendants violated California Government Code section 835.

16  This section provides for the imposition of liability against a public entity if an individual is injured

17  as a result of a dangerous property condition.  Plaintiff's complaint is devoid of any facts supporting

18  a claim that  there existed a dangerous property condition which caused him injury.  The general

19  assertion that conditions in administrative segregation caused him stress and worsened his medical

20  conditions falls well short of stating a tort claim based on a dangerous property condition.

21      C.    Conclusion

22      Plaintiff's complaint fails to state a claim upon which relief may be granted under section

23  1983 because plaintiff has not adequately linked the alleged constitutional violation to actions or

24  omissions of named defendants.  The complaint also fails to state a claim under California tort law.

25  The court will provide plaintiff with the opportunity to file an amended complaint curing the

26  deficiencies identified by the court in this order.

27      Plaintiff is informed he must demonstrate in his complaint how the conditions complained

28  of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d

8

227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's complaint is lengthy due to a detailed recitation of what happened on particular dates.  Plaintiff may find it easier if to state a claim if he summarizes his medical condition (fractured finger as a result of a work injury), and the permanent damage to his finger, the chronic pain, and the emotional distress caused by the delay in treating the finger, and then include sufficient facts to link each named defendant to acts or omissions which would support a claim for violation of the Eighth Amendment.  Plaintiff's allegations need not be lengthy and plaintiff is not required to submit any evidence in support of his claims.  However, it must be clear what defendants did or did not do that led to the violation of plaintiff's constitutional rights, and their actions or omissions must be sufficient to support a claim that they acted with deliberate indifference.

Finally, plaintiff is advised that an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.      The Clerk's Office shall send plaintiff a civil rights complaint form;

3.      Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4.      If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:      September 10, 2007**                        _____/s/ Sandra M. Snyder_____
                                                         UNITED STATES MAGISTRATE JUDGE