# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL DANCY, JR., | CASE NO. 1:07-cv-00716-OWW-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING (1) DENIAL OF MOTION FOR APPOINTMENT OF COUNSEL AND SPECIAL MASTER, AND (2) DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| A. K. SCRIBNER, et al., | |
| Defendants. | (Doc. 17) |
| | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Amended Complaint**

Plaintiff Samuel Dancy, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 15, 2007. The Court dismissed Plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted on September 10, 2007, and after obtaining two extensions of time, Plaintiff filed an amended complaint on December 3, 2007.

**I.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Denial of Medical Care in Violation of the Eighth Amendment

### A.   Plaintiff's Allegations

The events at issue in this action allegedly occurred at California State Prison-Corcoran, where Plaintiff is presently housed. Plaintiff alleges claims for violation of his rights under the Eighth Amendment of the United States Constitution arising out of the failure to provide adequate medical treatment for his fractured finger, including providing pain relief.

Plaintiff's injury and the medical care he received is summarized as follows. Plaintiff injured his right finger on February 24, 2005. The injury required immediate medical care and Plaintiff was taken to the Acute Care Hospital, where Defendant Thompson ordered x-rays[1] and pain medication, attempted to reset and splint the finger, and ordered a follow-up evaluation in four weeks. After filing an inmate appeal, Plaintiff was again seen by Defendant Thompson on May 17, 2005, at which time another x-ray was ordered but nothing else was done. Plaintiff was evaluated on August 31, 2005, by Defendant Smith, a specialist, who recommended that Plaintiff receive surgery. Plaintiff was evaluated by Defendant Reynolds on November 14, 2005, who determined that Plaintiff's injury

---

[1] Although this fact is omitted in the amended complaint, Plaintiff alleged an x-ray was ordered in his original complaint, and in his amended complaint, he alleges that on May 17, 2005, he received "another" x-ray.

had worsened and arthritic inflammation was present. Surgery was again recommended. On December 8, 2005, Plaintiff was seen by Defendant Gage, who ordered Tylenol with Codeine and resubmitted the surgery recommendation. Surgery was set for March 8, 2006, but was ultimately postponed until April 14, 2006. On March 10, 2006, Plaintiff was examined by Defendant Hasasdri and his pain medication was discontinued. On June 28, 2006, Defendant Smith removed Plaintiff's cast and pins, and informed Plaintiff that his finger lacked use. Throughout this time period, Plaintiff pursued inmate appeals in an attempt to get his medical needs met.

**B.     Defendants Thompson, Smith, Posner, Reynolds, Gage, and Hasadsri**

During the events at issue in this action, Defendants Thompson, Smith, Posner, Reynolds, Gage, and Hasadsri were physicians at the prison. Some of the defendants were Plaintiff's treating physicians and others were involved as a result of their consideration of Plaintiff's inmate appeals at the institutional level.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal

law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

The allegations set forth in Plaintiff's amended complaint are sufficient at the pleading stage to give rise to claims for relief against Defendants Thompson, Smith, Posner, Reynolds, Gage, and Hasadsri. Fed. R. Civ. P. 8(a); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Alvarez v. Hill, 518 F.3d 1152, 1157-58 (9th Cir. 2008). Plaintiff alleges contact with all of them and alleges he placed them on notice that he required medical treatment and was in pain. Because all six are medical doctors located at the prison, viewing the facts in the light most favorable to Plaintiff, there is an inference that even the doctors involved only in the appeals process had the knowledge and authority to act with respect to Plaintiff's medical complaints, and were on notice that Plaintiff had unmet medical needs. Under minimal federal notice pleading standards, Plaintiff is entitled to proceed on his claims against Defendants Thompson, Smith, Posner, Reynolds, Gage, and Hasadsri. Id.

### C.   Defendants Sanchez and Grannis

Defendant Sanchez was the Chief Medical Officer at CSP-Corcoran and Defendant Grannis was the Chief of the Inmate Appeals Branch in Sacramento. Defendant Sanchez partially granted Plaintiff's appeal at the second level of review on May 2, 2006, and Defendant Grannis denied Plaintiff's appeal at the third level of review on or around July 27, 2006.

"Ruling against a prisoner on an administrative complaint [alone] does not cause or contribute to the violation." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). In order to state

4

a claim against Defendants Sanchez and Grannis, there must be some factual allegations which would support the claim that Defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837.

There is simply no factual support in the complaint that either defendant knowingly disregarded an excessive risk to Plaintiff's health through involvement in delaying surgery or denying medical care. Indeed, Defendants' consideration of Plaintiff's appeal occurred after Plaintiff's surgery had been conducted. Although Plaintiff alleges that both had the duty to ensure inmates are provided with necessary care and treatment, liability may not be imposed under section 1983 on the bare basis that a defendant holds a supervisorial position, Hydrick, 500 F.3d at 988, and Plaintiff has not alleged any facts which would support a claim that Plaintiff's rights were violated as the result of an unconstitutional policy or practice created or implemented by either Defendant. Plaintiff alleges that it is Defendant Grannis's "official duty which promulgated and implemented policy of limited health care services, such as you would normally be provided at home under the care of a physician, to be available in a after care treatment as established by requested orders of physicians. It is upon being notice by grievance of an inmate that his/her job is to provide the inmate with the necessary care and treatment that is deemed necessary." (Comp., pg. 5.) However, this allegation is not comprehensible as written and Plaintiff must do more than assert "labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal quotations and citations omitted). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 127 S.Ct. at 1965 (citations omitted). The Court recommends that Plaintiff's claims against Defendants Sanchez and Grannis be dismissed, with prejudice, for failure to state a claim.

**D.    Claims for Declaratory and Injunctive Relief**

In addition to money damages, Plaintiff seeks declaratory and injunctive relief. "'A case or controversy exists justifying declaratory relief only when the challenged government activity is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties.'" Feldman

5

v. Bomar, 518 F.3d 637, 642 (9th Cir. 2008) (quoting Headwaters, Inc. v. Bureau of Land Management, Medford Dist., 893 F.2d 1012, 1015 (9th Cir. 1989) (internal quotations and citation omitted)).  "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties."  U.S. v. State of Wash., 759 F.2d 1353, 1357 (9th Cir. 1985) (citations omitted).  The governmental conduct at issue in this action occurred in 2005 and 2006, and Plaintiff's remedy is damages should he prevail on his claim that his constitutional rights were violated.  The Court recommends dismissal of the declaratory relief claim.

In addition to declaratory relief, Plaintiff seeks an injunction prohibiting retaliation against him for pursuing this lawsuit.  "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy."  City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted);  Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  "Abstract injury is not enough."  Lyons, 461 U.S. at 101, 103 S.Ct. at 1665.  "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical."  Id. (internal quotations and citations omitted).  "The key issue is whether the plaintiff is 'likely to suffer future injury.'"  Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).

This action is proceeding on claims arising from events which occurred in 2005 and 2006.  The past actions of Defendants related to medical care for Plaintiff's fractured finger form the case

or controversy in this action. The Court has no jurisdiction to issue an order aimed at remedying future, unrelated actions which *might* result from the pursuit of this action by Plaintiff. The Court recommends dismissal of this claim for relief.

**III.     Motion for Appointment of Counsel and Appointment of Special Master**

In his amended complaint, Plaintiff seeks the appointment of counsel and a special master. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [Plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id. Therefore, the Court recommends denial of Plaintiff's motion for the appointment of counsel.

The appointment of a special master under Federal Rule of Civil Procedure 53 is reserved for extremely complex cases and is the exception rather than the rule. Yeseta v. Baima, 837 F.2d 380, 387 (9th Cir. 1988). There are no circumstances presented by this case which suggest any need for a special master, and the Court recommends denial of the request.

///

## IV.  Conclusion and Recommendation

The Court finds that Plaintiff's amended complaint states cognizable claims for relief under the Eighth Amendment against Defendants Thompson, Smith, Posner, Reynolds, Gage, and Hasadsri arising out of the care Plaintiff received for his fractured finger. However, the amended complaint does not state any claims against Defendants Sanchez and Grannis, whose involvement was limited to issuing a decision on Plaintiff's inmate appeal at the second and third levels of review. Plaintiff was previously provided with the applicable legal standards, and advised both of the need to link action or omissions of each defendant to the violation complained of and of unavailability of respondeat superior liability under section 1983. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). (Doc. 12.) Therefore, the Court does not recommend that leave for a second attempt at amendment be granted.

Accordingly, the Court HEREBY RECOMMENDS that:

1. Plaintiff's motion for the appointment of counsel and a special master be denied;
2. This action proceed on Plaintiff's amended complaint, filed December 3, 2007, against Defendants Thompson, Smith, Posner, Reynolds, Gage, and Hasadsri for violation of the Eighth Amendment;
3. The claims against Defendants Sanchez and Grannis be dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section 1983; and
4. Plaintiff's claims for declaratory and injunctive relief be dismissed, and this action proceed as one for damages only.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///
///
///

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 10, 2008**                    /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE