# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

SAMUEL DANCY, JR.,

          Plaintiff,

    v.

A. K. SCRIBNER, et al.,

          Defendants.

_____/

CASE NO. 1:07-cv-00716-OWW-SMS PC

ORDER GRANTING DEFENDANTS'
MOTIONS TO COMPEL, AND REQUIRING
PLAINTIFF TO SERVE RESPONSES WITHIN
FORTY-FIVE DAYS

(Docs. 46-49)

## I.   Introduction

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Samuel Dancy, Jr., a state prisoner proceeding pro se and in forma pauperis. This action is proceeding on Plaintiff's amended complaint, filed December 3, 2007, against Defendants Thompson, Smith, Posner, Reynolds, Gage, and Hasadsri for acting with deliberate indifference to Plaintiff's medical needs, in violation of the Eighth Amendment. On August 6, 2009, Defendants Smith, Posner, Reynolds, and Hasadsri filed motions to compel further responses to their interrogatories and responses to their requests for the production of documents.[1] (Docs. 46-49.) Defendants contend that Plaintiff's responses to their interrogatories were incomplete, and that Plaintiff failed to response at all to their document production requests. Plaintiff did not file a response to the motions. Local Rule 78-230(m).

///

---

[1] Defendants Gage and Thompson have not been served.

1

## II.   Interrogatories and Document Production Requests at Issue

Defendant Posner seeks each and every fact upon which Plaintiff bases his denial of medical care claim against Posner.  (Doc. 48, Posner ROG 2.)  All four defendants seek the names of each and every individual who has knowledge of the facts upon which Plaintiff bases his contention that Defendants denied him medical care in violation of his rights; identification of each and every document that supports Plaintiff 's contention that Defendants denied him medical care in violation of his rights; each and every individual who has knowledge of the facts upon which Plaintiff bases his contention that Defendants were deliberately indifferent to his medical needs; and identification of each and every document that supports Plaintiff 's contention that Defendants were deliberately indifferent to his medical needs.[2]  (Docs. 46-49, Reynolds, Hasadsri, Posner, Smith ROGs 3, 4, 7, 8.)

In response to Posner ROG 2, Plaintiff responded, "Defendant Posner lost the grievance Plaintiff filed to receive quality treatment."  (Doc. 48-3.)  In response to ROGs 3 and 7, Plaintiff responded, "CSP-Corcoran health care managers and health care providers."  (Docs. 46-49.)  In response to ROGs 4 and 8, Plaintiff directed Defendants to certain exhibits.  (Id.)

Defendants also seek every document identified in response to interrogatory number 4, and every document identified in response to interrogatory number 8.  (Docs. 46-49, Reynolds, Hasadsri, Posner, Smith PODs 1 and 2.)  Plaintiff did not respond to either request.

## III.   Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4).  The responding party shall use common sense and reason.  E.g., Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008).  A

---

[2] There is little difference between ROGs 3 and 7, and 4 and 8, and the answers will likely be identical.

1   responding party is not generally required to conduct extensive research in order to answer an

2   interrogatory, but a reasonable effort to respond must be made.  L.H. v. Schwarzenegger, No. S-06-

3   2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007).  Further, the responding party

4   has a duty to supplement any responses if the information sought is later obtained or the response

5   provided needs correction.  Fed. R. Civ. P. 26(e)(A).

6          For document production requests, responding parties must produce documents which are

7   in their "possession, custody or control."  Fed. R. Civ. P. 34(a)(1).  "Property is deemed within a

8   party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof

9   or the legal right to obtain the property on demand."  Allen v. Woodford, No. CV-F-05-1104 OWW

10  LJO, 2007 WL 309945, *2 (E.D.Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469

11  (6th Cir. 1995)).

12  **IV.    Discussion and Order**

13         Plaintiff's responses to Defendants' interrogatories are not sufficient.  It is Plaintiff's

14  obligation to provide discoverable information.  Fed. R. Civ. P. 26(b)(1).  This requires Plaintiff to

15  answer Defendants' interrogatories with specificity.  Plaintiff may not provide vague information

16  or direct Defendants to comb through his exhibits to answer their own interrogatories.  With respect

17  to Posner ROG 2, Plaintiff is clearly in possession of additional facts upon which his claim is based.

18  If Plaintiff had merely alleged in his amended complaint that Posner lost his grievance, Plaintiff

19  would not have been permitted to proceed against Posner because such a vague allegation does not

20  state a viable Eighth Amendment claim.  Fed. R. Civ. P. 8(a).  Plaintiff is required to answer fully

21  and completely.

22         With respect to document production, Plaintiff is required to respond to the requests.

23         Accordingly, it is HEREBY ORDERED that:

24         1.      Defendants' motions to compel, filed August 6, 2009, are GRANTED;

25         2.      Within **forty-five (45) days** from the date of service of this order, Plaintiff shall serve

26                 further responses to Posner ROG 2, and Reynolds, Hasadsri, Posner, and Smith

27                 ROGs 3, 4, 7, and 8; and a response to Reynolds, Hasadsri, Posner, Smith PODs 1

28                 and 2; and

1    3.    The failure to comply with this order will result in the imposition of sanctions

2          deemed appropriate by the Court.

3

4    IT IS SO ORDERED.

5    **Dated:    October 26, 2009**              **/s/ Sandra M. Snyder**
                                            UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28