# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL DANCY, JR., | CASE NO. 1:07-cv-00716-OWW-SMS PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | (Doc. 56) |
| A. K. SCRIBNER, et al., | |
| Defendants. | |

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Samuel Dancy, Jr., a state prisoner proceeding pro se and in forma pauperis. This action is proceeding on Plaintiff's amended complaint, filed December 3, 2007, against Defendants Thompson, Smith, Posner, Reynolds, Gage, and Hasadsri for acting with deliberate indifference to Plaintiff's medical needs, in violation of the Eighth Amendment.

On November 30, 2009, Plaintiff filed what he described as a motion to have the District Judge vacate the order in which the Magistrate Judge erred in finding that Plaintiff failed to mail discovery responses. The motion is accompanied by a proof of service stating that medical records and interrogatories were served by mail on September 2, 2009. The filing is in response to the Court's order, filed October 27, 2009, in which the Court granted Defendants' motions to compel, and ordered Plaintiff to serve further responses to Posner interrogatory 2, and Reynolds, Hasadsri, Posner, and Smith interrogatories 3, 4, 7, and 8; and a response to Reynolds, Hasadsri, Posner, Smith document production requests 1 and 2 within forty-five days.

///

1    Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies
2 relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice
3 and is to be utilized only where extraordinary circumstances . . ." exist. <u>Harvest v. Castro</u>, 531 F.3d
4 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must
5 demonstrate both injury and circumstances beyond his control . . . ." <u>Id.</u> (internal quotation marks
6 and citation omitted). In seeking reconsideration of an order, Local Rule 78-230(k) requires Plaintiff
7 to show "what new or different facts or circumstances are claimed to exist which did not exist or
8 were not shown upon such prior motion, or what other grounds exist for the motion."

9    "A motion for reconsideration should not be granted, absent highly unusual circumstances,
10 unless the district court is presented with newly discovered evidence, committed clear error, or if
11 there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or
12 present evidence for the first time when they could reasonably have been raised earlier in the
13 litigation." <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir.
14 2009) (internal quotations marks and citations omitted) (emphasis in original).

15    Plaintiff failed to file any response at all to Defendants' motions to compel, and in seeking
16 reconsideration, Plaintiff fails to offer any explanation for that omission. Plaintiff has therefore
17 waived any argument that he timely responded to the discovery requests. The Court did not err in
18 granting the motions to compel given the record before it, and Plaintiff's attempt to have the Court
19 set aside the order based merely on his untimely submission of a proof of service is without merit.
20 Plaintiff is not entitled to reconsideration of the order, and the order stands. The motion for
21 reconsideration is HEREBY DENIED.

23 IT IS SO ORDERED.

24 **Dated:   December 3, 2009**            /s/ Oliver W. Wanger
                                      UNITED STATES DISTRICT JUDGE