IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL DANCY,<br><br>        Plaintiff,<br><br>   vs.<br><br>A.K. SCRIBNER, et al.,<br><br>        Defendants.<br>_____/ | Case No. 1:07-cv-00716 OWW JLT (PC)<br><br>FINDINGS AND RECOMMENDATIONS GRANTING MOTION TO DISMISS<br><br>(Doc. 72) |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302. Pending before the Court is Defendant Gage's motion to dismiss.

Gage argues that she was not a medical doctor at the time she treated Gage but was, instead, a nurse practitioner. She asserts that she provided palliative care and submitted a surgical request for Plaintiff and that the care she provided him did not violate constitution. Finally, Gage argues that the complaint violates that statute of limitations. For the reasons set forth below, the motion is recommended to be **GRANTED.**

I.   **Background**

On February 24, 2005, Plaintiff suffered an injury to his right "pinky" finger while working at his location of incarceration. (Doc. 17 at 3) Plaintiff was transferred to Corcoran State Prison for

treatment. Id. While there, he was treated conservatively with a doctor attempting to "reset" the finger and ordering it placed in a splint for four weeks. Id. This effort failed to correct the injury. Id. On August 31, 2005, Plaintiff was recommended for surgery that was scheduled, initially, for March 8, 2006. Id. at 3-1 of 6. In the meanwhile, on December 8, 2005, Plaintiff was seen by Defendant Gage, an FNP.[1] At the time, Gage provided Plaintiff with Tylenol with Codeine and re-submitted the request for surgical authorization. Id.

Though not alleged in the complaint, Plaintiff relies upon a copy of a portion of his medical chart, that he submitted to the Court for other purposes, which demonstrates that Gage saw Plaintiff again on January 5, 2006.[2] (Doc. 45) At the time, Gage noted that Plaintiff was scheduled "for ortho, with fusion." Id. In the record, Gage noted that "Dr. Smith states inmate will not have full function on R pinky finger." Id. When Plaintiff complained of "pain with mild passive flex" at the visit, Gage provided him with additional Tylenol with Codeine. Id.

Finally, on April 14, 2006, Plaintiff underwent the surgery but it failed to correct the damage to his finger and in June 2006, the doctor concluded that the finger "lacked use." (Doc. 17 at 3-2 of 6) Plaintiff seeks to impose liability on Gage for her deliberate indifference to his serious medical condition in violation of the Eighth Amendment. Notably, Plaintiff alleged that Gage, "failed to implement the medical treatment of plaintiff and how he is to be provided medical care." Id. at 3-2 of 6 to 3-4 of 6.

## II.  **DISCUSSION**

### A.  Legal Standards

A Federal Rules of Civil Procedure Rule 12(b)(6) motion tests the sufficiency of a complaint. See Fed. R. Civ. P. 12(b)(6); see also Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). A

---

[1] On July 31, 2009, Plaintiff provided the Court a copy of a portion of his medical record, dated January 5, 2006, in order to assist in locating Gage for service of the complaint. (Doc. 45) The record demonstrated that, despite the allegation of the complaint, Gage was an FNP rather than a medical doctor. Id. As a result of this new information, the Court noted that Gage was an FNP and using this information ordered renewed efforts to serve her. (Doc. 64 at 1)

[2] When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint and documents relied upon but not attached to the complaint when authenticity is not contested. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); see also Fed. R. Civ. P. 12(b)(6). Here, the portion of the medical chart was not relied upon by the complaint nor was there any reference to this medical visit in the complaint. Therefore, the Court will not rely upon it for determining the merits of the motion to dismiss. However, the Court will consider it in evaluating whether the complaint could be amended to state a claim against FNP Gage.

complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory. See Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

In reviewing the motion, the Court will assume the truth of all factual allegations and will construe them in the light most favorable to the nonmoving party. See Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002). However, the court is not bound to accept as true a legal conclusion couched as a factual allegation. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). However, the conclusions contained in the pleading "are not entitled to the assumption of truth." Id.

B.   Eighth Amendment - Inadequate Medical Care

Plaintiff argues that the questions the Court must consider in determining the motion to dismiss are whether Plaintiff provided information that substantiated that he had a serious medical condition, whether Gage was aware of the serious medical condition and whether Gage treated Plaintiff only on one occasion. (Doc. 73 at 4) However, to the contrary, to state a claim for the violation of the Eighth Amendment on this basis, Plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In other words, the plaintiff must demonstrate: (1) an objectively serious medical need; and (2) a deliberately indifferent response by the defendant. Conn v. City of Reno, 572 F.3d 1047, 1055 (2009) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

A medical need is serious "if the failure to treat the condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting Estelle, 429 U.S. at 104). A defendant acts with deliberate indifference if he knowingly fails to respond to a serious medical need, thereby inflicting harm. See Farmer v. Brennan, 511 U.S. 825, 842 (1994); see also Jett, 439 F.3d at 1096. "The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

Based upon the allegations of the amended complaint, and given the lack of challenge to the seriousness of Plaintiff's medical condition or Gage's awareness of it, the Court accepts as true for purposes of this motion that Plaintiff had a serious medical condition and Gage was aware of it. However, the Court is not required to determine the number of times that Gage saw Plaintiff.[3] Instead, Plaintiff has *alleged* that Gage *only* saw him the one time. In his amended complaint Plaintiff alleged, "On December 8, 2005, plaintiff was evaluated by Dr. Gage, M.D. who notice [sic] that Dr. Smith had documented and clearly requested surgery as the method for plaintiff's condition. At this time, Dr. Gage ordered, due to plaintiff [sic] condition, Tylenol with codeine and re-submitted the medical request for surgery." (Doc. 17 at 3-1 of 6) Thus, the focus here is whether Gage's action constituted deliberate indifference to Plaintiff's serious medical condition.

Plaintiff now admits that Gage was an LNP, despite his complaint in which alleged that she was a medical doctor. (Doc. 73 at 1) However, he continues to complain that Gage was obligated to "insure that the needed and much requested surgery was performed." Id. at 2. Plaintiff does not explain how Gage, as an FNP rather than a medical doctor or orthopedic surgeon, was supposed to provide this surgery. Instead, he seems to complain that because he did not get the surgery in a timely fashion, everyone who treated his finger until he received the surgery somehow is to blame for the delay.

However, there is no indication that Gage acted with deliberate indifference to Plaintiff's condition. Both times that Gage saw Plaintiff, she provided him with pain medication. (Docs. 17, 45, 73) Notably, at the time of the second visit, Gage saw Plaintiff not to examine his finger (as he claims in his opposition) but as a follow-up from an earlier emergency room visit that was necessitated by Plaintiff having been on a hunger strike. (Doc. 45) Nevertheless, Gage ordered Plaintiff to "continue with ortho consults" which indicates Gage's belief that specialized care, provided by the orthopedic surgeon, was needed and provided the pain medication. Id.

Gage was sufficiently concerned that Plaintiff had not yet received surgical authorization that she re-submitted the request for the authorization. (Docs. 17, 73) If she was truly indifferent to Plaintiff's condition, it is not reasonable that Gage would have taken the extra effort to reinitiate the surgical

---

[3]See footnote 2 infra.

4

1 authorization. Also, there is no showing that she should have made further efforts toward receiving
2 authorization for the surgery at the second visit given that by that time Plaintiff finally had been
3 scheduled for surgery. (Doc. 45 ("Pt is schedule [sic] for ortho, with fusion.")) There is no showing or
4 argument that a nurse practitioner has any ability to ensure that an inmate receives a recommended
5 surgery or has any control over the policies that would do so. Therefore, other than conducting the
6 surgery herself– which she was not qualified to do–there was no way for Gage to ensure that the surgery
7 occurred earlier. Likewise, there is showing that Gage contributed toward any delay in Plaintiff having
8 the surgery. For these reasons, the Court recommends that the motion to dismiss be **GRANTED**.

         C.       Statute of Limitations for § 1983 Action

10         Gage argues that the complaint was not timely filed because, as a medical negligence matter, the
11 statute of limitations was only one year under the California Code of Civil Procedure section 340.5
12 However, Gage misapprehends that the nature of this case; it is not a medical negligence matter but is,
13 instead, a claim under 42 USC § 1983 for a violation of the Eighth Amendment to the United States
14 Constitution based upon inadequate medical care. (Doc. 18 at 8)

15         For actions brought pursuant to 42 U.S.C. § 1983, federal courts apply the forum state's statute
16 of limitations period for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266-80 (1985); Jones
17 v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). Prior to January 1, 2003, the statute of limitations period
18 in California for personal injury claims was one year. Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir.
19 2004). Effective January 1, 2003, the statute of limitations period in California for personal injury
20 claims was extended to two years. Cal. Civ. Proc. Code § 335.1. The extension of the statute of
21 limitations period to two years applies to all claims that were not yet time-barred as of January 1, 2003
22 by the then-applicable statute of limitations period. Andonagui v. May Dept. Stores Co., 128 Cal. App.
23 4th 590, 597-98 (2009). Under California law, a prisoner is entitled to statutory tolling for up to two
24 years if the cause of action accrued during incarceration. Cal. Civ. Proc. Code § 352.1; Jones, 393 F.3d
25 at 927.

26        Here, the matter was initiated on May 15, 2007. (Doc. 1) Though this was approximately 18
27 months after Gage first treated Plaintiff, it is well within the two-year statute of limitations for personal
28 injury cases brought in California (Cal. Code. Civ. Proc. § 335.1) without need for resort to the tolling

provision provided by California Code of Civil Procedure § 352.1.  Thus, the complaint was filed timely and Gage's motion to dismiss on this ground is recommended to be **DENIED**.

### III.   LEAVE TO AMEND

Dismissal of a claim under this rule is appropriate only where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Edwards v. Marin Park, Inc., 356 F.3d 1058, 1061 (9th Cir. 2004) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

As noted above, Plaintiff's opposition makes clear that the only wrongful action that he attributes to Gage was the fact that she didn't, somehow, do something to force his surgery to occur earlier.  However, as noted above, there is no basis to believe that there was anything else that she could have done.  Thus, her involvement in this case stems only from the fortuity of providing him care during the time that he did not receive the surgery despite that the care she provided was not a constitutional violation.  Therefore, the Court concludes that there is no doubt that Plaintiff cannot prove a set of facts as to defendant Gage that would entitle him to relief.  For these reasons, the Court recommends that the motion to dismiss be **GRANTED WITHOUT LEAVE TO AMEND.**

### IV.   CONCLUSION

Based upon the foregoing, it is HEREBY RECOMMENDED that Defendant Gage's motion to dismiss be **GRANTED** and the action be **DISMISSED** as to her.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 21 days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 1, 2010**                                    **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE