IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL DANCY, | Case No. 1:07-cv-00716 OWW JLT (PC) |
| Plaintiff, | ORDER SETTING TRIAL CONFIRMATION HEARING |
| vs. | SECOND INFORMATIONAL ORDER |
| A.K. SCRIBNER, et al., | ORDER DIRECTING CLERK'S OFFICE TO SEND LOCAL RULE 281 TO PLAINTIFF |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. This matter has completed discovery and the time for filing dispositive motions has expired.  Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Court will by this order set a further schedule for this litigation. **This matter is set for telephonic trial confirmation hearing before Magistrate Judge Thurston on March 30, 2011, at 10:00 a.m.**

Furthermore, the parties are advised of the following information:

In accordance with Local Rule 281, Plaintiff will be required to make a particularized showing in order to obtain the attendance of witnesses. The procedures and requirements for making this showing are outlined in detail below.  Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in his pretrial statement.

At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit. In general, there are two kinds of trial

1

evidence: (1) exhibits and (2) the testimony of witnesses. It is Plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony. If Plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

1. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily</u> - An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless the Court orders the warden or other custodian to permit the witness to be transported to court. The Court will not issue such an order unless it is satisfied that: (a) the prospective witness is willing to attend; <u>and,</u> (b) the prospective witness has actual knowledge of relevant facts.

A party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file concurrent with the pretrial statement a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts. The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The willingness of the prospective witness can be shown in one of two ways: (1) the party himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (i.e., if an incident occurred in Plaintiff's cell and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff may swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of

1  perjury by the prospective witness in which the witness describes the relevant facts to which the
2  prospective witness was an eye- or ear-witness. Whether the declaration is made by the party or by the
3  prospective witness, it must be specific about the incident, when and where it occurred, who was present,
4  and how the prospective witness happened to be in a position to see or to hear what occurred at the time
5  it occurred.

6        The Court will review and rule on the motion for attendance of incarcerated witnesses, specifying
7  which prospective witnesses must be brought to court. Subsequently, the Court will issue the order
8  necessary to cause the witness's custodian to bring the witness to court.

9        2.    <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify
10 Voluntarily</u> - If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify
11 voluntarily, the party should submit with his pretrial statement a motion for the attendance of such
12 witnesses. Such motion should be in the form described above. In addition, the party must indicate in
13 the motion that the incarcerated witnesses are not willing to testify voluntarily.

14       3.    <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to
15 Testify Voluntarily</u> - It is the responsibility of the party who has secured an unincarcerated witness's
16 voluntary attendance to notify the witness of the time and date of trial. No action need be sought or
17 obtained from the Court.

18       4.    <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify
19 Voluntarily</u> - If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the
20 witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the witness's
21 presence must tender an appropriate sum of money for the witness. Id. In the case of an unincarcerated
22 witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness's travel
23 expenses. 28 U.S.C. § 1821.

24       If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse
25 to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each
26 unincarcerated witness. The Court will calculate the travel expense for each unincarcerated witness and
27 notify Plaintiff of the amount(s). Plaintiff must then, for each witness, submit a money order made
28 payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of

1 $40.00. The subpoena will not be served upon the unincarcerated witness by the United States Marshal
2 unless the money order is tendered to the Court. Because no statute authorizes the use of public funds
3 for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the
4 party was granted leave to proceed in forma pauperis.

5     Accordingly, the Court HEREBY ORDERS as follows:

6     1. This matter is set for telephonic trial confirmation hearing before Magistrate Judge
7 Thurston on March 30, 2011, at 10:00 a.m.;

8     2. **Counsel for Defendant is required to arrange for the participation of Plaintiff in the**
9 **telephonic trial confirmation hearing and to initiate the telephonic hearing at (661) 326-6624**

10     3. The Clerk's Office shall send Plaintiff a copy of Local Rule 281.

12 IT IS SO ORDERED.

13 Dated: **March 1, 2011**                                           **/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE