IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL DANCY, JR., | Case No. 1:07-cv-00716 AWI JLT (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION IN LIMINE |
| vs. | (Doc. 106) |
| A. K. SCRIBNER, et al., | |
| Defendants. | |
| _____/ | |

Before the Court is the motion in limine filed by Defendants on December 9, 2011.  (Doc. 106)  Plaintiff has opposed this motion.  (Doc. 107)  According to Local Rule 230(l), the Court issues the following order **GRANTING** Defendants' motion in limine.

**I.    Discussion**

Defendants move the Court for an order precluding Plaintiff from introducing medical opinion evidence in his testimony. (Doc. 106) They do not dispute that Plaintiff is entitled to testify as to "the nature and extent of whatever symptoms he claims to have suffered since the incident of February 24, 2005." Id. at 2.  Instead, Defendants dispute that Plaintiff is entitled to testify as to his diagnosis, his prognosis, the future course of his medical treatment and the further injury caused by the delay in treatment, if any.  Id. at 2-3.

Plaintiff argues that he should be allowed to testify as to these topics.  (Doc. 107)  His

1  argument rests upon his claim that Defendants have misrepresented in their motion how and
2  where the incident which caused his injury occurred.  Id. at 1-2.
3       Under the Federal Rules of Civil Procedure 702, a person is permitted to testify as to
4  "scientific, technical or other specialized" information if the witness is "qualified as an expert by
5  knowledge, skill, experience, training or education" and the testimony is based upon sufficient
6  facts or data, the testimony is based upon reliable analysis and the witness applies this reliable
7  analysis to the data.
8       Here, Defendants are concerned that Plaintiff will seek to introduce evidence about his
9  medical condition which is, of course, information within the purview of a medical expert.
10 Indeed, Plaintiff does not purport to have medical expertise and, apparently, wishes to testify
11 about what one or more medical professionals *told* him about his condition.  This is not
12 permitted.
13      As Defendants agree, Plaintiff may testify about his own perceptions of what he felt.
14 Likewise, if relevant, he may cross-examine any testifying medical expert about his condition but
15 he is not personally permitted to testify as to any scientific conclusions regarding his medical
16 condition.  Therefore, Defendants' motion in liming is **GRANTED**.
17 IT IS SO ORDERED.
18 Dated:   **December 28, 2011**                              /s/ **Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE