IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL DANCY, JR.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>A.K. SCRIBNER, et al.,<br><br>　　　　　Defendants. | Case No.: 1:07-cv-00716 JLT (PC)<br><br>ORDER DISMISSING DEFENDANT POSNER PURSUANT TO RULE 25(a) |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On January 27, 2012, Defendants Hasadsri, Reynolds, and Smith filed a statement noting the death of Defendant Dr. M. Posner. (Doc. 117). Defendants' statement was served on Plaintiff on January 27, 2012. (Id. at 3).

    On February 1, 2012, the Court conducted a telephonic conference with the parties to determine whether Plaintiff intended to dismiss Defendant Posner or file a motion to substitute Dr. Posner's estate for the decedent. (Doc. 122). At the conference, Plaintiff indicated he wished to proceed against the successors of Defendant Posner. (Id.). Plaintiff was advised that in order to do so he would need to comply with the time frames and service requirements set forth in Fed. R. Civ. P. 25. Plaintiff was advised that his failure to seek substitution within the time frame set forth in Rule 25 may result in the Court dismissing the lawsuit against Defendant Posner without the substitution. (Id. at 2). The Court further informed Plaintiff that if he decided not to seek

substitution, he must file a request to dismiss Defendant Posner from the litigation. (Doc. 122).

> Rule 25(a) of the Federal Rules of Civil Procedure states the following:
> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. Proc. 25(a).

The mere passage of 90 days from the date the parties and the Court are aware of a party's death does not warrant dismissal. (*See* Mobil Oil Corp. v. Lefkowitz, 454 F. Supp. 59 (D.N.Y. 1977 (finding that the 90 day period begins to run only after a formal "statement of a fact of death is filed); *see also* Acri v. International Asso. of Machinists & Aerospace Workers, 595 F. Supp. 326, 330 (D. Cal. 1983 (finding that incidental mention of the death in discovery responses does not trigger the running of the 90 day period)). Rather, the ninety-day period begins to run only after two requirements are met: (1) a party must formally suggest the death of the party on the record; and (2) the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death. Summerfield v. Fackrell, 2012 U.S. Dist. LEXIS 4098, 3-5 (E.D. Cal. Jan. 11, 2012) (citing Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994); Fed. R. Civ. P. 25(a)(1); and Anderson v. Aurotek, 774 F.2d 927, 931 (9th Cir. 1985)). Rule 25(c) also requires that the statement noting death be served on parties in accordance with Rule 5 and served on nonparties in accordance with Rule 4. Fed. R. Civ. P. 25(a)(3).

In this case both requirements have been met. Defendants filed a Notice of Death with the court on January 27, 2012, which both formally noted the death of the party on the record and effected service on Plaintiff in accordance with Rule 5. (Doc. 117). The ninety-day period, therefore, began to run on January 27, 2012, and expired on April 26, 2012. No motion of substitution was filed before April 26th, nor has any motion of substitution been filed since. Given that 90 days have passed since Defendants filed and properly served the statement of death, and no motion for substitution has been filed, Rule 25(a)(1) mandates that the Court dismiss the action against Defendant Posner. (*See* Territo v. Sandham, 2009 U.S. Dist. LEXIS 47297, 2-3

(E.D. Cal. June 4, 2009).

IT IS THEREFORE ORDERED that Plaintiff's action against Defendant Dr. M. Posner is DISMISSED.

IT IS SO ORDERED.

Dated:   **May 1, 2012**                                     **/s/ Jennifer L. Thurston**
                                                             UNITED STATES MAGISTRATE JUDGE