IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL DANCY, JR., <br> Plaintiff, <br> vs. <br> A.K. SCRIBNER, et al., <br> Defendants. | Case No.: 1:07-cv-00716 JLT (PC) <br><br> ORDER GRANTING DEFENDANTS' MOTION TO CONTINUE TRIAL <br><br> (Doc. 129) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On May 31, 2012, Defendants filed a motion to continue the trial date. (Doc. 129). For the reasons set forth below, Defendants' motion is GRANTED.

This matter was initially set for trial on February 7, 2012. (Doc. 122). On January 27, 2012, Defendants filed a statement noting the death of Defendant Dr. M. Posner. (Doc. 117). Plaintiff indicated he wished to proceed against the successors of Defendant Posner. (Doc. 122). When Plaintiff failed to comply with the time frames and service requirements set forth in Fed. R. Civ. P. 25, the Court dismissed Plaintiff's action against Defendant Dr. M. Posner. (Doc. 124).

At the trial setting conference on May 24, 2012, the Court re-set the trial against the remaining defendants for June 26, 2012 and gave Defendants until May 31, 2012 to notify the Court if any defendant would be unavailable for trial. (Doc. 127). The Court required any such Defendant to show good cause for the unavailability. (Doc. 127).

Pursuant to Fed. R. Civ. P. 16(b)(4), a case schedule may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b). In Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992), the Court explained, that a district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment).

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." Jackson, 186 F.R.D. at 608.

Defendants' motion states that Defendant Dr. Hasadsri is not available for trial on June 26, 2012 because he will be moving his medical office to a new location during that week. (Doc. 130 at 2). The following week, Defendant Dr. Reynolds will be out of town. (Id.) Additionally, Defendants' counsel will be unavailable because of family commitments throughout most of July. (Id.) Thus, Defendants request the trial be continued to late August or early September. (Doc. 129-1 at 3 and Doc. 130 at 2). Given the unavailability of Defendants and Defendants' counsel from June 26, 2012 through July, Defendants have demonstrated good cause to continue the trial.

Accordingly, it is HEREBY ORDERED:

1.   Defendants' request to continue the trial date of June 26, 2012 is GRANTED;

2.   The Trial in this matter is continued to August 14, 2012.

IT IS SO ORDERED.

Dated:   **June 4, 2012**                                    /s/ Jennifer L. Thurston
                                                          UNITED STATES MAGISTRATE JUDGE

2